UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDWARD F. GRODEN, EXECUTIVE DIRECTOR of the NEW ENGLAND TEAMSTERS AND TRUCKING INDUSTRY PENSION FUND,<br><br>Plaintiff,<br><br>v.<br><br>PRO DISPLAYS NORTHEAST, INC. aka SKYLINE NORTHEAST and JOEL LONG,<br><br>Defendants. | C.A. No.: |

## COMPLAINT

### Count I
(Withdrawal Liability as Against Pro Displays Northeast, Inc. aka Skyline Northeast)

1. This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, as amended by the Multi-Employer Pension Plan Amendments Act, 29 U.S.C. § 1381 et. seq., brought on behalf of New England Teamsters and Trucking Industry Pension Fund ("Pension Fund") for damages and injunctive relief arising from unpaid withdrawal liability.

2. This court has jurisdiction and venue lies in this district pursuant to ERISA § 502(e), 29 U.S.C. § 1132(e) and ERISA § 4301, 29 U.S.C. § 1451.

3. Plaintiff, Edward F. Groden, is the Executive Director of the Pension Fund and is a "fiduciary" within the meaning of Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3). The Pension Fund is a "multi-employer plan" within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A) and is an "employee benefit plan" or "plan" within the meaning of Section 3(3) of

ERISA, 29 U.S.C. § 1002(3). The Pension Fund has its principal office at and is administered from One Wall Street, Burlington, MA 01803.

4. At all material times, Defendant Pro Displays Northeast, Inc. ("Pro Displays") is a Massachusetts corporation with a principal place of business at 8 Beck Road, Arlington, MA 02476.

5. Pro Displays has been an "employer" within the meaning of ERISA § 3(5) 29 U.S.C. § 1002(5) and is an employer in an industry affecting commerce within the meaning of ERISA § 3(5), 29 U.S.C. § 142(1) and § 152(2), (6) and (7).

6. Defendant Joel Long is an individual residing in Woburn, MA and the President, Treasurer and Director of Pro Displays.

7. Teamsters Local Union No. 25 is a "labor organization" within the meaning of 29 U.S.C. § 152(5).

8. At all material times, Pro Displays was obligated by the terms of one or more collective bargaining agreements between it and Teamsters Local Union No. 25, and by the terms of an Agreement and Declaration of Trust to which Pro Displays was bound to make contributions on behalf of certain employees to the Pension Fund.

9. On or about March 31, 2017, Pro Displays permanently ceased to have an obligation to contribute to the Pension Fund or permanently ceased covered operations under the Pension Fund.

10. By letter dated September 14, 2017, the Pension Fund notified Pro Displays that it had withdrawn and demanded payment of Pro Display's proportionate share of the Pension Fund's unfunded vested benefit liability.

11. In demanding payment of Pro Display's withdrawal liability, the Pension Fund requested immediate payment of the full amount of its liability of $458,201 or, alternatively, payment pursuant to a schedule the first payment of which was due to be made on November 14, 2017.

12. Pro Displays failed to make any payments on or before November 14, 2017.

13. By letter dated September 26, 2017, the Pro Displays requested review of the withdrawal liability assessment.

14. By letter dated November 14, 2017, the Pension Fund responded to Pro Displays' request for review pursuant to Section 4219 of ERISA, 29 U.S.C. § 1399(b)(2).

15. Defendant Pro Displays has failed to make any withdrawal liability payments to the Fund.

16. Defendant Pro Displays has not initiated timely arbitration of any dispute concerning the Pension Fund's demand.

17. Defendant Pro Displays has defaulted on its obligation to make withdrawal liability payments to the Pension Fund pursuant to 29 C.F.R. § 4219.31 (c)(1)(ii).

18. Defendant Pro Displays owes the full amount of the withdrawal liability.

WHEREFORE, plaintiff demands that judgment enter against Defendant Pro Displays in accordance with ERISA § 502(g)(2), 29 U.S.C. §1132(g)(2) and ERISA § 4301, 29 U.S.C. § 1451:

1. Awarding the Pension Fund the following amounts:

    a. Withdrawal liability in the amount of $458,201;

    b. interest on the delinquent monthly payment of withdrawal liability from the date the first payment was due;

    c. liquidated damages in an amount equal to the greater of interest on the unpaid withdrawal liability or 20% of the unpaid withdrawal liability;

    d. all costs and reasonable attorney's fees incurred by the Pension Fund in connection with this action; and

2. Ordering such other and further relief as this court may deem just and proper.

## Count II
(As Against Joel Long for Failure to Answer Withdrawal Liability Questionnaire)

19. Plaintiff hereby incorporates by reference as if set forth herein paragraphs 1 through 18 of this Complaint.

20. On November 14, 2017, Plaintiff sent Defendant Joel Long a Withdrawal Liability Questionnaire pursuant to ERISA § 4219(a), 29 U.S.C. § 1399(a).

21. Responses to the Questionnaire were due within thirty (30) days of November 14, 2017.

22. As of this date, Defendant Joel Long has not submitted responses to the Withdrawal Liability Questionnaire.

WHEREFORE, Plaintiff demands that judgment enter against Defendant Joel Long in accordance with ERISA § 4301(a)(1), 29 U.S.C. § 1442(a)(1):

a. Ordering Defendant Joel Long to respond to the Plaintiff's Withdrawal Liability Questionnaire;

b. Awarding the Pension Fund all costs and reasonable attorney's fees incurred by the Pension Fund in connection with this action; and

c. Awarding such other, further and different relief as may be just and proper.

Dated: August 23, 2018

Respectfully submitted,

Catherine M. Campbell, Esq.
BBO # 549397
Melissa A. Brennan, Esq.
BBO # 669489
**Feinberg, Campbell & Zack, PC**
177 Milk Street, Suite 300
Boston, MA 02109
Tel.: (617) 338-1976

/s/ Catherine M. Campbell
Attorney for Plaintiff,
Edward F. Groden

## **CERTIFICATE OF SERVICE**

I, Catherine M. Campbell, hereby certify that I caused a copy of the foregoing to be delivered by certified mail, return receipt requested, this date, to the United States Secretaries of Labor and Treasury and the Pension Benefit Guaranty Corporation.

Dated:  August 23, 2018                                    /s/ Catherine M. Campbell
                                                                         Catherine M. Campbell, Esq.